IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SIN EDDIE FORD, #106998,            ) | |
|                                     ) | |
| Petitioner,                         ) | |
|                                     ) | |
| v.                                  ) | Civil Action No. 2:12cv657-TMH |
|                                     ) | (WO) |
| ALABAMA DEPARTMENT OF               ) | |
|  CORRECTIONS, *et al.*,             ) | |
|                                     ) | |
| Respondents.                        ) | |

**O R D E R**

The respondents have filed an answer (Doc. No. 7) in which they argue that the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Sin Eddie Ford ("Ford") is barred by the one-year limitation period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1]

---

[1] The limitation period codified at 28 U.S.C. § 2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

(continued...)

Ford challenges his prison disciplinary proceedings performed by the Alabama Department of Corrections. Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Exhibits submitted by the respondents reflect that on December 13, 2007, Ford filed a petition for writ of habeas corpus in the Elmore County Circuit Court challenging his prison disciplinary proceedings. Ex. A at 9-14. When the circuit court denied his petition, he appealed to the Alabama Court of Criminal Appeals, which affirmed the circuit court's judgment on April 24, 2009. *Id*. at 76. When his application for rehearing was denied, Ford petitioned the Alabama Supreme Court for certiorari review. Exs. D, E, and G. The Alabama Supreme Court denied his petition for a writ of certiorari and issued a certificate of judgment on August 14, 2009. Ex. H. Ford did not further appeal. By operation of law, then, the judgment Ford was challenging became final on August 14, 2009 – ninety days after the Alabama Supreme Court's issuance of a certificate of judgment – as this was the date on which the time expired

---

[1](...continued)
recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

for Ford to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).

Under the circumstances, the one-year period of limitation for Ford to seek federal habeas relief ended on August 14, 2010 (i.e., one year after August 14, 2009). However, Ford did not file the instant § 2254 petition until July 27, 2012, well after the limitation period expired. Although Ford apparently filed a second state habeas petition on or around September 15, 2011, challenging the same prison disciplinary proceeding,[2] that filing did not toll the federal limitation period, which had already expired before Ford filed the second state petition. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). It therefore appears that, as the respondents argue, the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired before Ford filed the instant federal petition.

Additionally, the respondents argue that the prison disciplinary action against Ford did not give rise to any claim for federal habeas relief or state a claim for a denial of his constitutional right to due process. Finally, the respondents argue that, in any event, Ford's

---

[2]The state court denied Ford's second habeas petition on the grounds of res judicata.

claims were properly adjudicated on the merits by the state courts and thus do not entitle him to federal habeas corpus relief. *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

Accordingly, it is

**ORDERED that on or before September 27, 2012,** Ford shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1) and for the other reasons asserted by the respondents in their answer.

Done this 6th day of September, 2012.


_____/s/Wallace Capel, Jr._____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

4